

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
J. Mark Coulson
U.S. Magistrate Judge

101 West Lombard Street
Baltimore, Maryland 21201
MDD_JMCChambers@mdd.uscourts.gov
Phone: (410) 962-4953
Fax: (410) 962-2985

August 22, 2016

LETTER TO ALL COUNSEL OF RECORD

Re: *Marie Yvonne Jackson v. Commissioner, Social Security Administration*
    Civil No. 15-3236-JMC

Dear Counsel:

On October 22, 2015, Plaintiff, Marie Yvonne Jackson, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB"). (ECF No. 1.) I have considered the parties' cross-motions for summary judgment and Ms. Jackson's reply memorandum. (ECF Nos. 16, 19, 20.) I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. See 42 U.S.C. § 405(g); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Jackson's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment. This letter explains my rationale.

Ms. Jackson protectively filed her DIB claim on March 13, 2012. (Tr. 61, 139-45.) She alleged a disability onset date of May 1, 2005. (Tr. 139.) Her claim was denied initially and on reconsideration. (Tr. 62-76.) A hearing was held on December 12, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 28-55.) Following the hearing, the ALJ determined that Ms. Jackson was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 12-27.) The Appeals Council denied Ms. Jackson's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

In evaluating Social Security claims, the agency (here through the ALJ) engages in a five-step sequential evaluation. If at any step of the sequential evaluation the ALJ can find that the claimant is or is not disabled, he makes his determination at that step and does not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step two of the sequential evaluation, the ALJ evaluates the medical severity of a claimant's impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If a claimant does not have "a

Northern Division • 4228 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201• 410-962-2600
Southern Division • 200 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

**Visit the U.S. District Court's Website at www.mdd.uscourts.gov**

severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement,"[1] the ALJ will find the claimant not disabled.  Id.  Social Security regulations define a non-severe impairment as one that "does not significantly limit [a claimant's] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1521(a).  It goes on to define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," including:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b).  In this case, the ALJ found that, through her date last insured,[2] Ms. Jackson suffered from the medically determinable impairments of chronic obstructive pulmonary disease ("COPD"), back disorder, hypertension, hyperlipidemia, gastroesophageal reflux disease, stress urinary incontinence, obesity, affective disorder, and anxiety. (Tr. 17.)  However, the ALJ concluded that none of Ms. Jackson's medically determinable impairments significantly limited her ability to perform basic work-related activities for 12 consecutive months.  Accordingly, he determined that none of her impairments were "severe," and that she was not disabled. (Tr. 18-23.)

On appeal, Ms. Jackson raises three primary arguments.  First, she argues that the ALJ failed to consider whether there are explanations for the limited nature of her medical treatment that do not undermine the severity of her symptoms.  Second, she claims that the ALJ afforded improper consideration to her treating physician's retrospective opinion as to the onset date of her alleged disability.  Finally, she argues that the ALJ improperly considered the medical evidence of her mental impairments.

Ms. Jackson first claims that, when considering her medical treatment history, the ALJ improperly drew inferences about her symptoms and their functional effects from the fact that she treated only with her general practitioner, Dr. Shakil, and did not receive treatment for either her

---

[1] The durational requirement states that, unless an impairment is expected to result in death, "it must have lasted or must be expected to last for a continuous period of at least 12 months."  20 C.F.R. § 404.1509.

[2] For DIB claims, a claimant must establish that she is disabled by her date last insured.  20 C.F.R. §§ 401.101(a), 404.131(a); see also Bird v. Comm'r Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012).  Ms. Jackson's date last insured was September 30, 2010.  (Tr. 153.)

physical or mental impairments from relevant specialists. In particular, Ms. Jackson takes issue with the ALJ's statements that "there is no evidence that the claimant treated with a breathing or pulmonary specialist," in reference to her COPD, that, with regard to her back impairment, "[t]he lack of more aggressive treatment or even a referral to a specialist for her back problems suggested the symptoms and limitations were not as severe as alleged," and that she "received only basic care through her general practitioner" for her mental impairments. (See Tr. 19-20.) Ms. Jackson contends that the ALJ's inferences were impermissible because he failed to consider her lack of medical insurance as an explanation for her failure to seek more aggressive, specialized treatment. Ms. Jackson contends that the ALJ's analysis was thus contrary to Social Security Ruling 69-7p, which provides that the ALJ

> must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment.

SSR 96-7p, 1996 WL 37416 (July 2, 1996).

Although the ALJ made several references to the limited nature of Ms. Jackson's treatment, Ms. Jackson points to no evidence indicating that her lack of insurance was the reason for her limited treatment during the relevant period. For example, she does not point to any evidence indicating the treatment she received from Dr. Shakil was somehow insufficient to resolve or control her symptoms. As the ALJ noted, Dr. Shakil's notes consistently reflect that Ms. Jackson's symptoms were well controlled with medication. And while those treatment notes indicate that Dr. Shakil was generally aware of Ms. Jackson's financial limitations (see e.g., Tr. 382), other than a single reference in 2012 to a recommendation that Ms. Jackson see a psychiatrist[3] (Tr. 357), Ms. Jackson does not cite any evidence that Dr. Shakil believed she needed more specialized treatment than she could afford. Absent evidence that Ms. Jackson's lack of medical insurance was the reason for her limited treatment, I cannot conclude that the inferences the ALJ drew from that limited treatment were improper.

Next, Ms. Jackson takes issue with the ALJ's decision to discount the opinion of Dr. Shakil, issued September 26, 2014, that Ms. Jackson has suffered from disabling limitations since August 9, 2004. (Tr. 524.) Ms. Jackson contends that the ALJ's decision to discount this retrospective opinion regarding the onset of Ms. Jackson's limitations was contrary to the guidance of Social Security Ruling 83-20. Social Security Ruling 83-20 sets forth the Commissioner's policy on evidence to be considered when establishing the onset date of disability. SSR 83-20, 1983 WL 31249 (Jan. 1, 1983.) As the Commissioner correctly notes, however, SSR 83-20 is inapposite here, as the Fourth Circuit has made clear it applies only to "situations in which an ALJ finds that a person is disabled as of the date

---

[3] This treatment note is dated March 14, 2012, approximately 18 months after Ms. Jackson's date last insured.

she applied for disability insurance benefits, but it is still necessary to ascertain whether the disability arose prior to an even earlier date." Bird v. Comm'r Soc. Sec. Admin., 699 F.3d 337, 345 (4th Cir. 2012) (quoting Eichstadt v. Astrue, 534 F.3d 663, 666 (7th Cir. 2008)). Here, the ALJ did not find that Ms. Jackson became disabled at some point after her date last insured. Rather, as he was required to do, the ALJ gave retrospective consideration to evidence dated after Ms. Jackson's date last insured to determine whether it indicated that she became disabled during the relevant time frame. As a component of that consideration, the ALJ evaluated Dr. Shakil's opinion, so the only issue on appeal is whether the ALJ provided substantial evidence in support of that evaluation.

The ALJ explained that he discounted Dr. Shakil's opinions regarding not only the onset date of Ms. Jackson's limitations, but also the limitations themselves, for several reasons. These reasons included the fact that, at the time the opinion was issued, Ms. Jackson was treating with a different primary care physician, the fact that the report in which the opinion was offered inexplicably appeared to have been written in two different handwritings, and relatedly that it was impossible to rule out the possibility that some of the remarks were added after Dr. Shakil signed the report. The ALJ found that these facts tended to diminish the value of the report. Additionally, the ALJ found it suspect that Dr. Shakil opined that Ms. Jackson had suffered certain limitations since August 2004 when the record was void of treatment notes from prior to October 31, 2006 and when the treatment notes from 2006 address only Ms. Jackson's urinary incontinence problems, an impairment which she no longer complains of. The rationale provided by the ALJ for discounting Dr. Shakil's opinion was appropriate under 20 C.F.R. § 404.1527(c), which sets forth relevant factors in evaluating opinions of treating physicians, including the general supportability of the opinions and their consistency with the record. Accordingly, I find that the ALJ provided substantial evidence in support of his assessment of Dr. Shakil's opinion on the onset date of Ms. Jackson's limitations.

Finally, Ms. Jackson argues that the ALJ gave inadequate consideration to the treatment notes documenting her mental impairments. Critically, however, Ms. Jackson fails to point to any functional limitations evidenced by these treatment notes. Indeed, many of the more severe treatment notes post-date the date last insured ("DLI") in this case, and as the ALJ was required to do, he considered her post-DLI treatment notes to the extent those notes might indicate that limitations from subsequent to her DLI also existed prior to her DLI. This is not, however, a case in which there is a general absence of treatment notes from prior to Ms. Jackson's DLI. Rather, Ms. Jackson regularly saw Dr. Shakil throughout the relevant period, and Dr. Shakil's treatment notes from that period indicate that Ms. Jackson's depression and anxiety were stable and generally controlled with the medications she prescribed. As to these treatment notes, the ALJ discussed the fact that Ms. Jackson received "medication management with positive results." The ALJ found that, with respect to the functional areas in which mental impairments are evaluated, Dr. Shakil's treatment notes demonstrated that Ms. Jackson suffered no limitation in activities of daily living and social functioning, mild limitations in concentration, persistence, or pace, and no episodes of decompensation during the relevant period. According to Social Security regulations, a claimant's mental impairment should be found non-severe when it results in no or mild limitations in the these

functional areas and in no episodes of decompensation. 20 C.F.R. § 404.1520a(d)(1). Accordingly, the ALJ provided substantial evidence in support of his determination that Ms. Jackson's anxiety and depression were not severe during the relevant period.

      For the reasons set forth herein, Ms. Jackson's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 19) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

/s/

J. Mark Coulson
United States Magistrate Judge